**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEBRA ROBERTS,

Plaintiff,

v.

CAROLYN COLVIN,
Acting COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:14-cv-521

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Debra Roberts filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error for this Court's review. For the reasons explained below, I conclude that this case should be REMANDED because the finding of non-disability is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

In December 2010, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) alleging a disability onset date of August 27, 2007. After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). On November 29, 2012, an evidentiary hearing was held, at which Plaintiff was represented by counsel. (Tr. 33-54). At the hearing, the ALJ heard testimony from Plaintiff and Stephanie Archer,

an impartial vocational expert. On January 17, 2013, ALJ Gregory Kenyon denied Plaintiff's applications in a written decision. (Tr. 5-22).

Plaintiff was born in 1957 and was 55 years old at the time of the ALJ's decision. She completed the tenth grade. She alleges disability based on emphasyma, heart conditions, left knee problems and back pain.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "a history of cardiac arrhythmia, chronic obstructive pulmonary disease/early emphysema, and lumbar spine degenerative disc disease. (Tr. 17). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. Despite these impairments, the ALJ determined that Plaintiff retains the RFC to perform light work with the following limitations:

> She can occasionally crouch, crawl, kneel, stoop, balance, and climb ramps/stairs, can never climb ladders/ropes/scaffolds, can do no work around hazards such as unprotected heights or dangerous machinery, can do no driving of automatic equipment, and can have no concentrated exposure to temperature extremes, respiratory irritants, or wet or humid areas.

(Tr. 18). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that Plaintiff could perform her past relevant work as a hotel cleaner. Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the Social Security Regulations, and is not entitled to DIB and/or SSI. (Tr. 21).

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff maintains that the ALJ erred by: 1) finding that Plaintiff could perform her past relevant work; 2) improperly evaluating Plaintiff's RFC; and 3) improperly evaluating the medical evidence. Upon careful review and for the reasons that follow, the undersigned finds Plaintiff's first assignment of error to be well-taken and dispositive.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for benefits, a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §1382c(a). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence

supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. . .. The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for supplemental security income or disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

**B. The ALJ's Decision that Plaintiff could perform her past relevant work is not supported by substantial evidence.**

At Step Four, the ALJ determined that Plaintiff could perform her past relevant work as a hotel cleaner. (Tr. 21). Plaintiff contends that her work as a hotel cleaner was not past relevant work because it did not constitute substantial gainful activity.

To be considered "past relevant work," the work must have been performed within the previous 15 years, lasted long enough for the claimant to learn how to perform it, and have constituted "substantial gainful activity." ("SGA"). 20 C.F.R. §§ 404.1560(b), 404.1565(b), 416.960(b), 416.965(a); Social Security Ruling (SSR) 82-62. In determining whether an individual's work activity was SGA, the Agency will consider the individual's earnings in a given year. 20 C.F.R. §§ 404.1571-974a, 416.971-974a (defining substantial gainful activity and setting forth evaluation and earnings guides relating to whether a claimant's past work as an employee was substantial gainful activity); Substantial Gainful Activity, http://www.ssa.gov/oact/cola/sga.html, last visited January 31, 2015 (containing monthly substantial gainful activity amounts for 1975 to 2015). Here, Plaintiff argues that her job as hotel cleaner between January and August 2007 was not SGA.

Notably Plaintiff's most recent work attempt occurred in 2007. At that time, she worked at P&C Motel Corporation/ Red Carpet Inn beginning sometime in 2007 and ending in August 2007. At the hearing, Plaintiff testified that she worked as a cleaner "for like three months until they wanted me to move up into the main office…." (Tr. 34). She further testified that she worked at Red Carpet Inn for a total of six months. (Tr. 60).

Based on this testimony, the ALJ found that this to be past relevant work; stating "this is long enough for her to have learned the job, and it also appears that she performed it at substantial gainful activity levels (8 hours per day, 5 days per week, $7.50 per hour – or slightly in excess of $1,200 in monthly earnings). (Tr. 21).

Plaintiff, however, asserts that her Detailed Earnings Query shows Plaintiff's actual earnings at Red Carpet Inn in 2007 to be $4,216.07. (Tr. 212). In 2007, SGA work was defined as wages at or above $900 per month. (*See* CFR 404.1574(B)(2)). As such, Plaintiff contends that her average monthly earnings at Red Carpet Inn were $702.86 ($4,216.07 ÷ 6 = 702.68). This amount is below the 2007 SGA. As such, Plaintiff argues that the ALJ's decision failed to properly consider this evidence in determining that Plaintiff's past relevant work constituted SGA.

The Commissioner, however, argues that Plaintiff's own testimony established that she worked 40 hours per week at a rate of $7.50/hour (Tr. 259, 270), and the ALJ relied on Plaintiff's own reports of her earnings. (Tr. 21). The Commissioner asserts that the ALJ reasonably relied Plaintiff's own testimony and Plaintiff's assertion that the ALJ should have relied on the computer generated earnings report (Tr. 212) is misplaced. At least one court in this Circuit has rejected this notion. See *Vanarnam v. Comm'r of Soc. Sec.*, No. 12-14397, 2014 WL 1328272, at *2 (E.D. Mich. Mar. 28, 2014) (While the ALJ recognized that Plaintiff's work from 2001 to 2003 constituted substantial gainful activity ("SGA") "based on the claimant's self-reported income," the ALJ proceeded with the disability analysis as if there were no SGA earnings because Plaintiff's self-report may contain inaccuracies). *But see O'Neal v. Comm'r of Soc. Sec.*, No. 1:12-CV-246, 2013

WL 620377, at *10 (S.D. Ohio Feb. 19, 2013) report and recommendation adopted, No. 1:12-CV-00246, 2013 WL 1438005 (S.D. Ohio Apr. 9, 2013) (It was therefore reasonable for the ALJ to rely on plaintiff's testimony in determining that the stock checker job constituted past relevant work).[1]

The Commissioner further asserts that the Plaintiff's Earnings Query does not indicate how many months the earnings were for or whether Plaintiff was paid cash in addition to any official earnings .(Tr. 212). This determination, however, was not made by the ALJ in the first instance. In fact, there is no indication from the ALJ's decision that he considered this report.

As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 845, 877 (N.D.Ohio 2011); see *also Wilson v. Comm. of Soc. Sec*., 378 F.3d 541, 544–46 (6th Cir.2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb.2, 1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir.1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62

[1] In *O'Neal,* the Court found that even if the ALJ erred in regard to Plaintiff's past relevant work, any error was harmless. However, as explained below, whether Plaintiff' past relevant work was substantial gainful activity could be dispositive of disability.

at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

Here, the ALJ's failure to address Plaintiff's Earnings Statement and to provide a substantive basis for accepting or rejecting this evidence prevents the Court from engaging in meaningful review of the ALJ's decision. As noted by Plaintiff, this issue is dispositive of disability. Notably, if Plaintiff's position at Red Carpet Inn does not constitute substantial gainful activity, she has no past relevant work. As of June 15, `be disabled under Grid Rule. 202.02.

Accordingly, this matter should be remanded for further fact-finding, in order to determine Plaintiff's past relevant work, if any.

**III. Conclusion and Recommendation**

This matter should be remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Report and Recommendation. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs*., 17 F.3d 171, 174 (6th Cir.1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Fauche*r, 17 F.3d at 175. All essential factual issues have not been

resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher*, 17 F.3d at 176.

For the reasons explained herein, **IT IS RECOMMENDED THAT**:

1. The decision of the Commissioner to deny Ms. Roberts DIB benefits be **REVERSED** and this matter be **REMANDED** under sentence four of 42 U.S.C. §405(g) consistent with this Report and Recommendation;

2. As no further matters remain pending for the Court's review, this case be **CLOSED.**

*/s Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DEBRA ROBERTS,

Plaintiff,

v.

CAROLYN COLVIN
Acting COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 1:14-cv-521

Beckwith, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).